## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Carolina Cervantes,<br>Luis Angel Escobar, and<br>Andres Cervantes Villa, | |
| Plaintiffs, | Case No. ___22-CV-1902_____ |
| v. | |
| and | PLAINTIFFS DEMAND<br>TRIAL BY JURY |
| J&J Multiservices LLC dba Toro Taxes,<br>Darleen A. Porras,<br>Jazzi's Multi Services LLC, and<br>Jazmin Porras | |
| Defendants. | |

## **COMPLAINT**

Plaintiffs: Carolina Cervantes ("Plaintiff" for Counts I, II, and VII), Luis Angel Escobar ("Plaintiff" for Counts III, IV, and VIII), and Andres Cervantes Villa ("Plaintiff" for Counts V, VI, and IX), by and through their attorneys, Daniel I. Schlade and James M. Dore, complain against J&J Multiservices LLC dba Toro Taxes ("Defendant" or "J&J"), Darleen A. Porras ("Defendant" or "Darleen"), Jazzi's Multi Services LLC ("Defendant" or "JMS"); and Jazmin Porras ("Defendant" or "Jazmin"). J&J , Darleen, JMS, and Jazmin may collectively be referred to as "Defendants". In support of this Complaint, Plaintiffs state:

### **Introduction**

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as related state law claims, for Defendants' failure to pay overtime and minimum wages owed.

## **Parties**

2.     Plaintiff Carolina Cervantes is a resident of Cook County, Illinois; and they were employed by J&J and Darleen.

3.     Plaintiff Luis Angel Escobar is a resident of Cook County, Illinois; and they were employed by J&J and Darleen.

4.     Plaintiff Andres Cervantes Villa is a resident of Cook County, Illinois; and they were employed by J&J and Darleen.

5.     J&J is a Colorado limited liability company that was not authorized to conduct business in Illinois at all relevant times, but conducts business in Cook County, Illinois.

6.     Darleen is the owner and manager of J&J, and they are in charge of its employees.  On information and belief, Darleen is a resident of Denver Colorado.

7.     JMS is a Colorado limited liability company that was not authorized to conduct business in Illinois at all relevant times, but conducts business in Chicago, Cook County, Illinois.

8.     Jazmin is the owner and JMS, and they are in charge of its employees.  On information and belief, Jazmin is a resident of Denver, Colorado.

9.     Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce.  Additionally, they have more than three employees.  Specifically, Defendants are in the business of providing tax preparation services to individuals.  Defendants operate in multiple states, and in the case at bar, Defendants set up a store front at 4220 S. Archer Avenue, Chicago Illinois, where Plaintiffs were employed. Defendants market their services on the internet and in interstate commerce, as well as using

conventional marketing means. Additionally, Defendants have operated other Toro Taxes franchises in other states.

## Jurisdiction And Venue

10.     The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

11.     Venue is proper in the NORTHERN District of Illinois because all underlying facts and transactions occurred in or about Chicago, Cook County, Illinois.

## Facts Common To All Claims

12.     Defendant are "employers" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

13.     Defendants J&J and JMS jointly own and operate a tax preparation business located at 4220 S. Archer Ave. Chicago, Illinois, doing business as "Toro Taxes." Defendants may hereinafter be referred to jointly as "Toro Taxes." Defendants operate multiple Toro Taxes franchises in various states in the U.S

14.     Darleen and Jazmin are "employer(s)" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiff's head "bosses" at Toro Taxes; (2) they had the power to hire and fire the employees, including Plaintiffs; (3) they supervised and controlled Plaintiffs' work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

## COUNT I: VIOLATION OF THE FLSA
### (Carolina Cervantes **v. Defendants**)

15.     Plaintiff reincorporates by reference Paragraphs 1 through 14, as if set forth in full herein for Paragraph 15.

16.     Plaintiff began working for Defendants in or before January 2019, and she has worked from approximately January 2019 through May 2019; January 2021 through May 2021; and January 2022 through the end of March 2022.

17.     At all times, Plaintiff held the same position at Toro Taxes, they were a tax return preparer. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because they were employed by Defendants to perform general inputing for tax preparation software services, and train other employees.  This Plaintiff is not a CPA and she does not have any formal collegiate or professional tax training.  Rather, Plaintiff was given a one-week "crash course" on how to use tax preparation software owned and/or managed by Defendants; and Plaintiff would input customer's information into the software.  Plaintiff does not have any formal tax expertise. Additionally, Defendants gave Plaintiff the title manager for the last three months of her employment, although Plaintiff did not have any of the authority or responsibilities of a typical manager.  Plaintiff does not fall into any of the exceptions or exemptions for workers under the FLSA.

18.     Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 75 hours per week.

19.     Plaintiff was paid their wages on a(n) pure commission basis.

20.     Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

21.     Plaintiff's rate of pay was varied dependent on commissions, but averaged approximately $900 per week in 2019; $710 per week in 2021; and $1375 per week in 2022.  Plaintiff commissions never exceeded an hourly rate of pay totalling one-and-a-half times the minimum wage for all hours worked.

22.     Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

23.     Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

24.     On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime and minimum wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA. Defendants' conduct was clearly willful because they forced Plaintiffs and other employees to sign "Independent Contractor Agreements" that included covenants not to compete and non-solicitation clauses.  Although these provisions are unenforceable under Illinois law, they demonstrate a willful intent to avoid compliance with Federal and State employment protections laws, while still maintaining dominion and control over Plaintiffs' work.  Additionally, Defendants regularly sought to discipline their workers, and Defendants would use "Employee Warning Notices" forms to memorialize any alleged discipline; and these forms contained numerous hallmarks of an employer/employee relationship, including: (1) Defendants ability to control the manner of Plaintiffs' work; (2) standardized offenses that might violate Defendants' employment policy; (3) a warning system for employees that could lead to termination of employment; and (4) other information establishing an employer/employee relationship.

25.     Plaintiff is entitled to recover unpaid overtime and minimum wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit.  On information and belief, this amount includes: (i) $20,366.80 in unpaid overtime and minimum wages; (ii) liquidated damages of $20,366.80; and (iii) Plaintiff's attorney's fees and costs, to be determined.  A calculation of Plaintiff's damages are attached as Exhibit A.

    WHEREFORE, Plaintiff Carolina Cervantes respectfully requests that the Court enter a judgment in their favor and against Defendants, jointly and severally, for:

A.     The amount of unpaid overtime and minimum wages for all time worked by Plaintiff in

excess of forty (40) hours in individual work weeks, totaling at least $20,366.80;

B.     An award liquidated damages in an amount equal to at least $20,366.80;

C.     A declaration that Defendants violated the FLSA;

D.     An award reasonable attorneys' fees and costs; and

E.     Any such additional or alternative relief as this Court deems just and proper.

## COUNT II: VIOLATION OF IMWL
### (Carolina Cervantes **v. Defendants**)

26.     Plaintiff incorporates by reference Paragraphs 1-24, as if set forth in full herein for this

Paragraph 26.

27.     This count arises from Defendants' violation of the IMWL, by: failing to pay Plaintiff

Illinois mandated overtime and minimum wages for all hours worked in excess of 40 hours in each

individual work week in violation of 820 ILCS 105/4a(1).

28.     Defendant's failure to pay Plaintiff the Illinois-mandated overtime wage rate for all hours

worked in excess of forty (40) hours in an individual work week is a violation of the IMWL.

29.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime and

minimum wages for three (3) years prior to the filing of this suit, treble the amount of such

underpayments, 5% for each month the underpayments remain unpaid, plus attorney's fees and

costs.

30.     The amount of unpaid overtime and minimum wages owed to Plaintiff is $20,366.80.

**WHEREFORE**, Plaintiff Carolina Cervantes respectfully requests that the Court enter a

judgment in their favor and against Defendants, jointly and severally, for:

A.  The amount of wages worked by Plaintiff for which he was not paid overtime and

minimum wages, totaling at least $20,366.80;

B.  Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

C.  Declare that Defendants have violated the IMWL;

D.  Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

E.  Grant such additional or alternative relief as this honorable court deems just and proper.

## COUNT III: VIOLATION OF THE FLSA
(Luis Angel Escobar **v. Defendants**)

31.     Plaintiff reincorporates by reference Paragraphs 1 through 30, as if set forth in full herein for Paragraph 31.

32.     Plaintiff began working for Defendants in or before early January 2022 and his last day was at the end of March 2022.

33.     At all times, Plaintiff held the same position at Toro Taxes, they were a tax return preparer. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because they were employed by Defendants to perform general inputing for tax preparation software services.  This Plaintiff is not a CPA and he does not have any formal collegiate or professional tax training.  Rather, Plaintiff was given a one-week "crash course" on how to use tax preparation software owned and/or managed by Defendants; and Plaintiff would input customer's information into the software.  Plaintiff does not have any formal tax expertise, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

34.     Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 77.5 hours per week.

35.     Plaintiff was paid their wages on a(n) commission basis.

36.     Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

37.     Plaintiff's rate of pay was varied dependent on commissions, but averaged approximately $500 per week at all relevant times.  Plaintiff commissions never exceeded an hourly rate of pay totalling one-and-a-half times the minimum wage for all hours worked.

38.     Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

39.     Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

40.     On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime and minimum wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

41.     Plaintiff is entitled to recover unpaid overtime and minimum wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit.  On information and belief, this amount includes: (i) $10,171.50 in unpaid overtime and minimum wages; (ii) liquidated damages of $10,171.50; and (iii) Plaintiff's attorney's fees and costs, to be determined.  A calculation of Plaintiff's damages are attached as Exhibit B.

        WHEREFORE, Plaintiff Luis Angel Escobar respectfully requests that the Court enter a judgment in their favor and against Defendants, jointly and severally, for:

A.      The amount of unpaid overtime and minimum wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $10,171.50;

B.      An award liquidated damages in an amount equal to at least $10,171.50;

C.      A declaration that Defendants violated the FLSA;

D.      An award reasonable attorneys' fees and costs; and

E.      Any such additional or alternative relief as this Court deems just and proper.

## COUNT IV: VIOLATION OF IMWL
### (Luis Angel EscobarCarolina Cervantes **v. Defendants**)

42.    Plaintiff incorporates by reference Paragraphs 1-41, as if set forth in full herein for this Paragraph 42.

43.    This count arises from Defendants' violation of the IMWL, by: failing to pay Plaintiff Illinois mandated overtime and minimum wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

44.    Defendant's failure to pay Plaintiff the Illinois-mandated overtime wage rate for all hours worked in excess of forty (40) hours in an individual work week is a violation of the IMWL.

45.    Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime and minimum wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

46.    The amount of unpaid overtime and minimum wages owed to Plaintiff is $10,171.50.

    **WHEREFORE**, Plaintiff Luis Angel Escobar respectfully requests that the Court enter a judgment in their favor and against Defendants, jointly and severally, for:

    A.  The amount of wages worked by Plaintiff for which he was not paid overtime and minimum wages, totaling at least $10,171.50;

    B.  Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

    C.  Declare that Defendants have violated the IMWL;

    D.  Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

    E.  Grant such additional or alternative relief as this honorable court deems just and proper.

## COUNT V: VIOLATION OF THE FLSA
### (Andres Cervantes Villa **v. Defendants**)

47.     Plaintiff reincorporates by reference Paragraphs 1 through 46, as if set forth in full herein for Paragraph 47.

48.     Plaintiff began working for Defendants in or before January 2022, and his last day of work was at the end of March 2022.

49.     At all times, Plaintiff held the same position at Toro Taxes, they were a tax preparer. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because they were employed by Defendants to perform general inputing for tax preparation software services. This Plaintiff is not a CPA and he does not have any formal collegiate or professional tax training. Rather, Plaintiff was given a one-week "crash course" on how to use tax preparation software owned and/or managed by Defendants; and Plaintiff would input customer's information into the software. Plaintiff does not have any formal tax expertise, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

50.     Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 77.5 hours per week.

51.     Plaintiff was paid their wages on a(n) commission basis.

52.     Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

53.     Plaintiff's rate of pay was varied dependent on commissions, but averaged approximately $450 per week at all relevant times. Plaintiff commissions never exceeded an hourly rate of pay totalling one-and-a-half times the minimum wage for all hours worked .

54.     Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

55.     Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

56.     On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime and minimum wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

57.     Plaintiff is entitled to recover unpaid overtime and minimum wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit.  On information and belief, this amount includes: (i) $10,766.70 in unpaid overtime and minimum wages; (ii) liquidated damages of $10,766.70; and (iii) Plaintiff's attorney's fees and costs, to be determined.  A calculation of Plaintiff's damages are attached as Exhibit C.

WHEREFORE, Plaintiff Andres Cervantes Villa respectfully requests that the Court enter a judgment in their favor and against Defendants, jointly and severally, for:

A.     The amount of unpaid overtime and minimum wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $10,766.70;

B.     An award liquidated damages in an amount equal to at least $10,766.70;

C.     A declaration that Defendants violated the FLSA;

D.     An award reasonable attorneys' fees and costs; and

E.     Any such additional or alternative relief as this Court deems just and proper.

### COUNT VI: VIOLATION OF IMWL
(Andres Cervantes VillaCarolina Cervantes **v. Defendants**)

58.     Plaintiff incorporates by reference Paragraphs 1-57, as if set forth in full herein for this Paragraph 58.

59.     This count arises from Defendants' violation of the IMWL, by: failing to pay Plaintiff Illinois mandated overtime and minimum wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

60.     Defendant's failure to pay Plaintiff the Illinois-mandated overtime wage rate for all hours worked in excess of forty (40) hours in an individual work week is a violation of the IMWL.

61.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime and minimum wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

62.     The amount of unpaid overtime and minimum wages owed to Plaintiff is $10,766.70.

        **WHEREFORE**, Plaintiff Andres Cervantes Villa respectfully requests that the Court enter a judgment in their favor and against Defendants, jointly and severally, for:

        A.  The amount of wages worked by Plaintiff for which he was not paid overtime and minimum wages, totaling at least $10,766.70;

        B.  Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

        C.  Declare that Defendants have violated the IMWL;

        D.  Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

        E.  Grant such additional or alternative relief as this honorable court deems just and proper.

### COUNT VII: VIOLATION OF THE  820 ILCS 115/1, *et. seq*
#### (Carolina Cervantes **v. Defendants**)

63.     Plaintiff reincorporates by reference Paragraphs 1 through 62, as if set forth in full herein for Paragraph 63.

64.     Defendants' and Toro Taxes are an "employer" as that term is defined in Section 2 of the of the Illinois Wage Payment Collection Act, 820 ILCS 115/1, et. seq. ("IWPCA"), because Toro Taxes is operated by two Limited Liability Companies, and it markets and offers tax preparation services to the general public.

65.     Defendants Darleen and Jazmin are "employer(s)" as that term is defined in Sections 2 and 13 of the IWPCA, because they are agents of Toro Taxes that knowingly permitted it to violate the provisions of the IWPCA by failing to pay wages owed to Plaintiffs.

66.     Plaintiff is an "employee" as that term is used in Section 2 of the IWPCA because they were employed by Defendants as a tax prepared, and they do not fall into any of the exceptions or exemptions for workers under the IWPCA.

67.     Defendants violated the IWPCA by failing to pay Plaintiff certain wages from January 2022 to March 2022, which unpaid wages total at least $10,000.00.

68.     In addition, pursuant to Section 14 of the IWPCA, Plaintiff is entitled to recover interest on any unpaid wages at the rate of 5% per month, plus their costs of suit and reasonable attorneys' fees.

        **WHEREFORE**, Plaintiff Carolina Cervantes respectfully requests that the Court enter a judgment in their favor and against Defendants, jointly and severally, for:

        A.   The amount of wages worked by Plaintiff for which they did not receive any compensation, totaling at least $10,000.00;

        B.   Award Statutory damages for Plaintiff, including 5% monthly interest per month;

        C.   Declare that Defendants have violated the IWPCA;

        D.   Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

        E.   Grant such additional or alternative relief as this honorable court deems just and proper.

## COUNT VIII: VIOLATION OF THE 820 ILCS 115/1, *et. seq*
### (Luis Angel Escobar **v. Defendants**)

69.     Plaintiff reincorporates by reference Paragraphs 1 through 68, as if set forth in full herein for Paragraph 69.

70.     Defendants' and Toro Taxes are an "employer" as that term is defined in Section 2 of the of the IWPCA, because Toro Taxes is operated by two Limited Liability Companies, and it markets and offers tax preparation services to the general public.

71.     Defendants Darleen and Jazmin are "employer(s)" as that term is defined in Sections 2 and 13 of the IWPCA, because they are agents of Toro Taxes that knowingly permitted it to violate the provisions of the IWPCA by failing to pay wages owed to Plaintiffs.

72.     Plaintiff is an "employee" as that term is used in Section 2 of the IWPCA because they were employed by Defendants as a tax prepared, and they do not fall into any of the exceptions or exemptions for workers under the IWPCA.

73.     Defendants violated the IWPCA by failing to pay Plaintiff certain wages from January 2022 to March 2022, which unpaid wages total at least $3,500.00.

74.     In addition, pursuant to Section 14 of the IWPCA, Plaintiff is entitled to recover interest on any unpaid wages at the rate of 5% per month, plus their costs of suit and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff Luis Angel Escobar respectfully requests that the Court enter a judgment in their favor and against Defendants, jointly and severally, for:

A.   The amount of wages worked by Plaintiff for which they did not receive any compensation, totaling at least $3,500.00;

B.   Award Statutory damages for Plaintiff, including 5% monthly interest per month;

C.   Declare that Defendants have violated the IWPCA;

D.  Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

E.  Grant such additional or alternative relief as this honorable court deems just and proper.

## COUNT IX: VIOLATION OF THE  820 ILCS 115/1, *et. seg*
### (Andres Cervantes Villa **v. Defendants**)

74.     Plaintiff reincorporates by reference Paragraphs 1 through 73, as if set forth in full herein for Paragraph 74.

75.     Defendants' and Toro Taxes are an "employer" as that term is defined in Section 2 of the of the IWPCA, because Toro Taxes is operated by two Limited Liability Companies, and it markets and offers tax preparation services to the general public.

76.     Defendants Darleen and Jazmin are "employer(s)" as that term is defined in Sections 2 and 13 of the IWPCA, because they are agents of Toro Taxes that knowingly permitted it to violate the provisions of the IWPCA by failing to pay wages owed to Plaintiffs.

77.     Plaintiff is an "employee" as that term is used in Section 2 of the IWPCA because they were employed by Defendants as a tax prepared, and they do not fall into any of the exceptions or exemptions for workers under the IWPCA.

78.     Defendants violated the IWPCA by failing to pay Plaintiff certain wages for from January 2022 to March 2022, which unpaid wages total at least $5,000.00.

79.     In addition, pursuant to Section 14 of the IWPCA, Plaintiff is entitled to recover interest on any unpaid wages at the rate of 5% per month, plus their costs of suit and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff Andres Cervantes Villa respectfully requests that the Court enter a judgment in their favor and against Defendants, jointly and severally, for:

A.   The amount of wages worked by Plaintiff for which they did not receive any compensation, totaling at least $5,000.00;

B.   Award Statutory damages for Plaintiff, including 5% monthly interest per month;

C.   Declare that Defendants have violated the IWPCA;

D.   Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

E.   Grant such additional or alternative relief as this honorable court deems just and proper.

<div style="margin-left:50%">

Carolina Cervantes
Luis Angel Escobar**, and**
Andres Cervantes Villa


s/Daniel I. Schlade
Attorney For Plaintiffs

</div>

Daniel I. Schlade (ARDC No. 6273008)
James M. Dore (ARDC No. 6296265)
Attorney For Plaintiff
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-942-9415 x 103
Email: dschlade@justicialaboral.com
        danschlade@gmail.com


<div style="text-align:center">

**PLAINTIFF DEMANDS TRIAL BY JURY**

</div>

# EXHIBIT A

| Week | Av. Hours/Wk. | Hours Over 40 | Hrly. Wage | MW/Hr. | Unpaid MW | Unpaid OT | FLSA Liquidated | IMWL Treble |
|---|---|---|---|---|---|---|---|---|
| 1/6/2019 | 75 | 35 | $12.00 | $13.00 | $75.00 | $227.50 | $302.50 | $907.50 |
| 1/13/2019 | 75 | 35 | $12.00 | $13.00 | $75.00 | $227.50 | $302.50 | $907.50 |
| 1/20/2019 | 75 | 35 | $12.00 | $13.00 | $75.00 | $227.50 | $302.50 | $907.50 |
| 1/27/2019 | 75 | 35 | $12.00 | $13.00 | $75.00 | $227.50 | $302.50 | $907.50 |
| 2/3/2019 | 75 | 35 | $12.00 | $13.00 | $75.00 | $227.50 | $302.50 | $907.50 |
| 2/10/2019 | 75 | 35 | $12.00 | $13.00 | $75.00 | $227.50 | $302.50 | $907.50 |
| 2/17/2019 | 75 | 35 | $12.00 | $13.00 | $75.00 | $227.50 | $302.50 | $907.50 |
| 2/24/2019 | 75 | 35 | $12.00 | $13.00 | $75.00 | $227.50 | $302.50 | $907.50 |
| 3/3/2019 | 75 | 35 | $12.00 | $13.00 | $75.00 | $227.50 | $302.50 | $907.50 |
| 3/10/2019 | 75 | 35 | $12.00 | $13.00 | $75.00 | $227.50 | $302.50 | $907.50 |
| 3/17/2019 | 75 | 35 | $12.00 | $13.00 | $75.00 | $227.50 | $302.50 | $907.50 |
| 3/24/2019 | 75 | 35 | $12.00 | $13.00 | $75.00 | $227.50 | $302.50 | $907.50 |
| 3/31/2019 | 75 | 35 | $12.00 | $13.00 | $75.00 | $227.50 | $302.50 | $907.50 |
| 4/7/2019 | 75 | 35 | $12.00 | $13.00 | $75.00 | $227.50 | $302.50 | $907.50 |
| 4/14/2019 | 75 | 35 | $12.00 | $13.00 | $75.00 | $227.50 | $302.50 | $907.50 |
| 4/21/2019 | 75 | 35 | $12.00 | $13.00 | $75.00 | $227.50 | $302.50 | $907.50 |
| 4/28/2019 | 75 | 35 | $12.00 | $13.00 | $75.00 | $227.50 | $302.50 | $907.50 |
| 5/5/2019 | 75 | 35 | $12.00 | $13.00 | $75.00 | $227.50 | $302.50 | $907.50 |
| 5/12/2019 | 75 | 35 | $12.00 | $13.00 | $75.00 | $227.50 | $302.50 | $907.50 |
| 1/3/2021 | 75 | 35 | $9.47 | $13.50 | $302.25 | $236.25 | $538.50 | $1,615.50 |
| 1/10/2021 | 75 | 35 | $9.47 | $13.50 | $302.25 | $236.25 | $538.50 | $1,615.50 |
| 1/17/2021 | 75 | 35 | $9.47 | $13.50 | $302.25 | $236.25 | $538.50 | $1,615.50 |
| 1/24/2021 | 75 | 35 | $9.47 | $13.50 | $302.25 | $236.25 | $538.50 | $1,615.50 |
| 1/31/2021 | 75 | 35 | $9.47 | $13.50 | $302.25 | $236.25 | $538.50 | $1,615.50 |
| 2/7/2021 | 75 | 35 | $9.47 | $13.50 | $302.25 | $236.25 | $538.50 | $1,615.50 |
| 2/14/2021 | 75 | 35 | $9.47 | $13.50 | $302.25 | $236.25 | $538.50 | $1,615.50 |
| 2/21/2021 | 75 | 35 | $9.47 | $13.50 | $302.25 | $236.25 | $538.50 | $1,615.50 |
| 2/28/2021 | 75 | 35 | $9.47 | $13.50 | $302.25 | $236.25 | $538.50 | $1,615.50 |
| 3/7/2021 | 75 | 35 | $9.47 | $13.50 | $302.25 | $236.25 | $538.50 | $1,615.50 |
| 3/14/2021 | 75 | 35 | $9.47 | $13.50 | $302.25 | $236.25 | $538.50 | $1,615.50 |
| 3/21/2021 | 75 | 35 | $9.47 | $13.50 | $302.25 | $236.25 | $538.50 | $1,615.50 |
| 3/28/2021 | 75 | 35 | $9.47 | $13.50 | $302.25 | $236.25 | $538.50 | $1,615.50 |
| 4/4/2021 | 75 | 35 | $9.47 | $13.50 | $302.25 | $236.25 | $538.50 | $1,615.50 |
| 4/11/2021 | 75 | 35 | $9.47 | $13.50 | $302.25 | $236.25 | $538.50 | $1,615.50 |
| 4/18/2021 | 75 | 35 | $9.47 | $13.50 | $302.25 | $236.25 | $538.50 | $1,615.50 |
| 4/25/2021 | 75 | 35 | $9.47 | $13.50 | $302.25 | $236.25 | $538.50 | $1,615.50 |
| 5/2/2021 | 75 | 35 | $9.47 | $13.50 | $302.25 | $236.25 | $538.50 | $1,615.50 |
| 5/9/2021 | 75 | 35 | $9.47 | $13.50 | $302.25 | $236.25 | $538.50 | $1,615.50 |
| 5/16/2021 | 75 | 35 | $9.47 | $13.50 | $302.25 | $236.25 | $538.50 | $1,615.50 |
| 1/2/2022 | 75 | 35 | $18.33 | $14.00 | $0.00 | $320.78 | $320.78 | $962.33 |
| 1/9/2022 | 75 | 35 | $18.33 | $14.00 | $0.00 | $320.78 | $320.78 | $962.33 |
| 1/16/2022 | 75 | 35 | $18.33 | $14.00 | $0.00 | $320.78 | $320.78 | $962.33 |
| 1/23/2022 | 75 | 35 | $18.33 | $14.00 | $0.00 | $320.78 | $320.78 | $962.33 |
| 1/30/2022 | 75 | 35 | $18.33 | $14.00 | $0.00 | $320.78 | $320.78 | $962.33 |
| 2/6/2022 | 75 | 35 | $18.33 | $14.00 | $0.00 | $320.78 | $320.78 | $962.33 |
| 2/13/2022 | 75 | 35 | $18.33 | $14.00 | $0.00 | $320.78 | $320.78 | $962.33 |
| 2/20/2022 | 75 | 35 | $18.33 | $14.00 | $0.00 | $320.78 | $320.78 | $962.33 |
| 2/27/2022 | 75 | 35 | $18.33 | $14.00 | $0.00 | $320.78 | $320.78 | $962.33 |
| 3/6/2022 | 75 | 35 | $18.33 | $14.00 | $0.00 | $320.78 | $320.78 | $962.33 |
| 3/13/2022 | 75 | 35 | $18.33 | $14.00 | $0.00 | $320.78 | $320.78 | $962.33 |
| 3/20/2022 | 75 | 35 | $18.33 | $14.00 | $0.00 | $320.78 | $320.78 | $962.33 |
| | TOTALS | | | | $7,470.00 | $12,896.80 | $20,366.80 | $61,100.40 |

# EXHIBIT B

| Week | Av. Hours/Wk. | Hours Over 40 | Hrly. Wage | MW/Hr. | Unpaid MW | Unpaid OT | FLSA Liquidated | IMWL Treble |
|------|---------------|---------------|------------|--------|-----------|-----------|-----------------|-------------|
| 1/2/2022 | 77.5 | 37.5 | $6.45 | $14.00 | $585.13 | $262.50 | $847.63 | $2,542.88 |
| 1/9/2022 | 77.5 | 37.5 | $6.45 | $14.00 | $585.13 | $262.50 | $847.63 | $2,542.88 |
| 1/16/2022 | 77.5 | 37.5 | $6.45 | $14.00 | $585.13 | $262.50 | $847.63 | $2,542.88 |
| 1/23/2022 | 77.5 | 37.5 | $6.45 | $14.00 | $585.13 | $262.50 | $847.63 | $2,542.88 |
| 1/30/2022 | 77.5 | 37.5 | $6.45 | $14.00 | $585.13 | $262.50 | $847.63 | $2,542.88 |
| 2/6/2022 | 77.5 | 37.5 | $6.45 | $14.00 | $585.13 | $262.50 | $847.63 | $2,542.88 |
| 2/13/2022 | 77.5 | 37.5 | $6.45 | $14.00 | $585.13 | $262.50 | $847.63 | $2,542.88 |
| 2/20/2022 | 77.5 | 37.5 | $6.45 | $14.00 | $585.13 | $262.50 | $847.63 | $2,542.88 |
| 2/27/2022 | 77.5 | 37.5 | $6.45 | $14.00 | $585.13 | $262.50 | $847.63 | $2,542.88 |
| 3/6/2022 | 77.5 | 37.5 | $6.45 | $14.00 | $585.13 | $262.50 | $847.63 | $2,542.88 |
| 3/13/2022 | 77.5 | 37.5 | $6.45 | $14.00 | $585.13 | $262.50 | $847.63 | $2,542.88 |
| 3/20/2022 | 77.5 | 37.5 | $6.45 | $14.00 | $585.13 | $262.50 | $847.63 | $2,542.88 |
| TOTALS | | | | | $7,021.50 | $3,150.00 | $10,171.50 | $30,514.50 |

# EXHIBIT C

| Week | Av. Hours/Wk. | Hours Over 40 | Hrly. Wage | MW/Hr. | Unpaid MW | Unpaid OT | FLSA Liquidated | IMWL Treble |
|------|---------------|---------------|------------|--------|-----------|-----------|-----------------|-------------|
| 1/2/2022 | 77.5 | 37.5 | $5.81 | $14.00 | $634.73 | $262.50 | $897.23 | $2,691.68 |
| 1/9/2022 | 77.5 | 37.5 | $5.81 | $14.00 | $634.73 | $262.50 | $897.23 | $2,691.68 |
| 1/16/2022 | 77.5 | 37.5 | $5.81 | $14.00 | $634.73 | $262.50 | $897.23 | $2,691.68 |
| 1/23/2022 | 77.5 | 37.5 | $5.81 | $14.00 | $634.73 | $262.50 | $897.23 | $2,691.68 |
| 1/30/2022 | 77.5 | 37.5 | $5.81 | $14.00 | $634.73 | $262.50 | $897.23 | $2,691.68 |
| 2/6/2022 | 77.5 | 37.5 | $5.81 | $14.00 | $634.73 | $262.50 | $897.23 | $2,691.68 |
| 2/13/2022 | 77.5 | 37.5 | $5.81 | $14.00 | $634.73 | $262.50 | $897.23 | $2,691.68 |
| 2/20/2022 | 77.5 | 37.5 | $5.81 | $14.00 | $634.73 | $262.50 | $897.23 | $2,691.68 |
| 2/27/2022 | 77.5 | 37.5 | $5.81 | $14.00 | $634.73 | $262.50 | $897.23 | $2,691.68 |
| 3/6/2022 | 77.5 | 37.5 | $5.81 | $14.00 | $634.73 | $262.50 | $897.23 | $2,691.68 |
| 3/13/2022 | 77.5 | 37.5 | $5.81 | $14.00 | $634.73 | $262.50 | $897.23 | $2,691.68 |
| 3/20/2022 | 77.5 | 37.5 | $5.81 | $14.00 | $634.73 | $262.50 | $897.23 | $2,691.68 |
| | TOTALS | | | | $7,616.70 | $3,150.00 | $10,766.70 | $32,300.10 |